| | |
|---|---|
| J.A., individually and on behalf of J.A., a minor child, and on behalf of all others similarly situated, | 1:18-cv-09580-NLH-KMW |
| | **OPINION** |
| Plaintiffs, | |
| v. | |
| MONROE TOWNSHIP BOARD OF EDUCATION, NEW JERSEY DEPARTMENT OF EDUCATION, LAMONT REPOLLET Acting Commissioner of Education, NEW JERSEY OFFICE OF ADMINISTRATIVE LAW, JEFFREY R WILSON Administrative Law Judge, | |
| Defendants. | |

**APPEARANCES**:

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
100 SPRINGDALE ROAD A3
PMB 287
CHERRY HILL, NJ 08003

   *On behalf of Plaintiffs*

WILLIAM S. DONIO
COOPER LEVENSON, P.A.
1125 ATLANTIC AVENUE, THIRD FLOOR
ATLANTIC CITY, NJ 08401-4891

   *On behalf of Defendant Monroe Township Board of Education*

CAROLINE GENETT JONES
LAUREN AMY JENSEN
STATE OF NEW JERSEY

OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

> *On behalf of Defendants New Jersey Department of Education, Lamont Repollet, New Jersey Office Of Administrative Law, and Jeffrey R. Wilson*

**HILLMAN**, **District Judge**

J.A. is 11-years old and disabled.  The primary diagnosis is autism with other secondary diagnoses.  She is eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(A), and protection under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("§ 504"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); New Jersey's Special Education Law, N.J.S.A. 18A:46-1 et seq.; and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").  J.A. lives with her parents, J.A. and J.A., in Gloucester County, New Jersey.

On May 3, 3016, an individualized education program ("IEP") was implemented for her at Oak Knoll Elementary School in the Monroe Township Board of Education ("MTBOE") school district.  The IEP was amended on May 9, 2017 for the following year.  J.A.'s parents were dissatisfied with how MTBOE handled the May 3, 2016 IEP, and they were further dissatisfied with the May 9, 2017 IEP.  As a result, on May 24, 2017, the J.A. family filed a

Request for Due Process Hearing with the New Jersey Department of Education ("NJDOE") Office of Special Education Programs ("OSEP").  See J.A. and J.A. o/b/o J.A. v. Monroe Township BOE, OAL Docket No. EDS 08588-17.

The IDEA guarantees that every child with a disability receive a free appropriate public education ("FAPE") from her public school if that school receives federal funding. 20 U.S.C. § 1412(a)(1)(A); 34 CFR § 300.101(a).  One of the IDEA's procedural safeguards guaranteed to children with disabilities and their parents is "[a]n opportunity for any party to present a [due process] complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child."  20 U.S.C. § 1415(b)(6).

From the date of filing the due process complaint, the parties have thirty days within which to settle or otherwise resolve the dispute.  20 U.S.C. § 1415(f)(1)(B)(ii); 34 C.F.R. § 300.510(a)(1).  This so-called "resolution period" totals 30 days, and if the case is not resolved, it proceeds to a hearing. 20 U.S.C. § 1415(f)(1)(B)(ii).  The parties must exchange and disclose documents they intend to introduce at the hearing "not less than 5 business days prior to a hearing" ("5-day exchange rule").  20 U.S.C. § 1415(f)(2)(A); 34 C.F.R. § 300.512(b)(1). Thereafter, if no adjournments are sought and granted, a final

decision must be rendered within 45 days after the end of the 30-day resolution period ("45 Day Rule").  34 C.F.R. § 300.515(a).  The New Jersey DOE OSEP provides an essentially identical procedure.  See N.J.A.C. 6A:14, et seq.

Violations of these procedural safeguards constitute a denial of FAPE if they have: (1) impeded the child's right to a FAPE; (2) significantly impeded the parents' opportunity to participate in the decision-making process regarding the provision of FAPE to the child; or (3) caused a deprivation of educational benefits.  G.N. v. Board of Educ. of Tp. of Livingston, 309 F. App'x 542, 546 (3d Cir. 2009) (citing Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007) (citing 20 U.S.C. § 1415(f)(3)(E)(i) & (ii))).

Plaintiffs claim that the state Defendants have violated the 45 Day Rule in their individual situation because as of the date they filed their complaint in this Court – May 23, 2018 - their administrative case was still pending, and they would not have another hearing before the ALJ until June 11, 2018, which was 383 days from the end of the resolution period and well beyond the 45 Day Rule.  In addition, or as an adjunct, to their individual case, Plaintiffs have advanced a putative class action pursuant to Federal Civil Procedure Rule 23 for alleged systemic due process violations arising from the way New Jersey adjudicates FAPE disputes between families and local schools.

4

More specifically, the class claims are asserted "on behalf of themselves and all persons who filed Requests for Due Process Hearings ('DP Complaints') for violations of special education laws with the NJDOE during the period January 1, 2011 through March 23, 2018 and who, after the case was transferred to the OAL, did not receive a decision within 45 days." Plaintiffs also advance class action claims against the state Defendants alleging that NJDOE's use of the OAL as the adjudicative body to resolve special education disputes is systemically flawed because assigned ALJs lack training, knowledge, and jurisdiction. (Counts One through Four.)

Plaintiffs' individual claims focus on the May 2017 Due Process Complaint, claiming that J.A. has been denied a FAPE in violation of the IDEA, Rehabilitation Act, ADA, and NJLAD. They seek judicial review of the ALJ's denial of their Motion to Amend their Request for a Due Process Hearing, Motion for Independent Educational Evaluations ("IEEs"), and Motion to Strike.[1] (Counts Five through Eleven.)

When Plaintiffs filed their complaint here, their Due Process Complaint before the OAL was still pending. On October 10, 2018, Plaintiffs filed a second action in this Court, Civil

---

[1] The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331, 20 U.S.C. § 1415(i)(3)(A), 9 U.S.C. § 794 et seq., 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1367.

Action 18-14838, regarding a subsequent decision by the ALJ regarding their May 2017 Due Process Complaint and another consolidated Due Process Complaint.  See J.A. and J.A. o/b/o J.A. v. Monroe Township BOE, OAL Docket Nos. EDS 08588-17 and EDS 11524-18.  In the second case, Plaintiffs appeal the ALJ's October 2, 2018 Order denying their Motion to Preclude Evidence based on MTBOE's alleged violation of the "5 Day Exchange Rule" in contravention of the IDEA and the NJAC.[2]

---

[2]In their second action, Civil Action 18-14838, Plaintiffs contend that the consolidated Due Process Complaint was set for a hearing before the ALJ on October 1, 2018.  Five business days prior to the October 1, 2018 hearing date was September 24, 2018, but Plaintiffs did not receive MTBOE's exhibit and witness list until September 25, 2018, a day late.  Plaintiffs filed a Motion to Preclude Evidence on September 24, 2018.  MTBOE did not file a written opposition.  On October 1, 2018, the ALJ held oral argument on the motion.  The ALJ denied Plaintiffs' motion, and granted their Motion to Stay Proceedings Pending Interlocutory Appeal.  The ALJ adjourned the future hearing dates on Plaintiffs' consolidated Due Process Complaint set for October 5, 2018 and October 15, 2018.  The ALJ did not adjourn the October 29, 2018 hearing date in the event Plaintiffs' interlocutory appeal would be resolved by then.  Plaintiffs claim that the ALJ's resolution of their Motion to Preclude Evidence denied J.A. a FAPE in violation of the IDEA.  They do not assert a putative class action in their second case.

MTBOE filed its answer to Plaintiffs' second action on December 26, 2018.  (18-14838, Docket No. 5.)  Neither Plaintiffs nor Defendants have filed the appropriate application or motion so that Plaintiffs' challenge to the ALJ's decision on the 5-day exchange rule violation can be considered by the Court.  Without any indication from the parties otherwise, the Court assumes that the October 29, 2018 hearing was not held, and Plaintiffs' consolidated Due Process Complaint remains pending but in suspension in the OAL.  The Court also notes that the ALJ's "permission" for Plaintiffs to appeal his ruling in this Court is without legal force.  See Komninos by Komninos v.

Currently pending before the Court are Defendants' motions to dismiss Plaintiffs' complaint. Defendants argue, among other points, that because of the ongoing nature of Plaintiffs' Due Process Complaint in the administrative forum, Plaintiffs' claims should be dismissed for failure to exhaust administrative remedies. Also pending is Plaintiffs' motion to file an amended complaint in order to add additional named plaintiffs as class representatives.

Plaintiffs have asserted two different cases in one – a putative class action against the state Defendants for alleged systemic problems with compliance with the 45 Day Rule and a challenge to hearing officer qualifications, coupled and intertwined with an individual appeal of J.A.'s personal due process complaints regarding her claim against MTBOE that she has been denied FAPE. In the view of this Court, the two cannot proceed together.

_Upper Saddle River Bd. of Educ._, 13 F.3d 775, 778 n.1 (3d Cir. 1994) ("Although plaintiffs have styled the complaint in part as an appeal from the ALJ's order, we do not consider that a basis for district court jurisdiction. Section 1415(e) does not grant a court authority to review an ALJ's decision before the administrative process has been completed. From the standpoint of federal jurisdiction, therefore, the ALJ's order is interlocutory and his characterization of his order as 'final' is irrelevant."). Moreover, as discussed more fully _infra,_ the very notion of an interlocutory appeal from the administrative process to a federal district court is directly contrary to the strong presumption of administrative exhaustion before judicial review.

With regard to Plaintiffs' individual claims, Plaintiffs'
continuation of the May 2017 Due Process Complaint after filing
suit here, as well as the filing of a second Due Process
Complaint and proceeding with a consolidated Due Process
Complaint before the OAL, warrants the dismissal of Plaintiffs'
individual claims.  Those claims, which necessarily turn on the
individual and unique circumstances of J.A.'s due process
complaints, are plainly unexhausted and must be dismissed.  In
contrast, Plaintiffs' claims of systematic failure fall within a
clear exception to the exhaustion requirement and will be
allowed to proceed in this Court under the parameters discussed
below.

Generally, "'a plaintiff who seeks relief available under
the IDEA must exhaust his administrative remedies before filing
a lawsuit.'"  M.M. v. Paterson Board of Education, 736 F. App'x
317, 319–20 (3d Cir. 2018) (quoting Honig v. Doe, 484 U.S. 305,
327 (1988); Wellman v. Butler Area Sch. Dist., 877 F.3d 125, 131
(3d Cir. 2017); D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260,
275 (3d Cir. 2014); 20 U.S.C. § 1415(i)(2)(A)).  "There are four
exceptions to the exhaustion requirement: (1) exhaustion would
be futile or inadequate; (2) the issue presented is purely a
legal question; (3) the administrative agency cannot grant
relief; and (4) exhaustion would cause severe or irreparable
harm."  Id.  "The party seeking to be excused from exhaustion

bears the burden of establishing an exception." Id.

Administrative exhaustion under the IDEA is required even for non-IDEA claims, such as ADA and Section 504 claims, "where the plaintiff seeks relief that can be obtained under the IDEA." Batchelor v. Rose Tree Media School Dist., 759 F.3d 266, 272 (3d Cir. 2014). "This provision bars plaintiffs from circumventing [the] IDEA's exhaustion requirement by taking claims that could have been brought under IDEA and repackaging them as claims under some other statute – e.g., section 1983, section 504 of the Rehabilitation Act, or the ADA." Id. Absent the application of any exceptions, all of a plaintiff's claims pursuant to the IDEA require exhaustion, as do any claims asserted under Section 504 and the ADA, if they seek relief that is available under the IDEA. Id.

### 1. Plaintiffs' individual claims

Plaintiffs argue that exhaustion is not required because several of their counts (five through seven) are based on the ALJ's denial of their motions, and the decisions on those issues by the ALJ have reached their final resolution in the administrative process, thus causing them to be ripe for appeal. Those counts concern the ALJ's May 1, 2018 decision denying Plaintiffs' motion to amend the due process complaint, motion for IEEs, and motion to strike MTBOE's improper references to prior due process proceedings.

9

The Court does not find Plaintiffs' argument persuasive. First, Plaintiffs' dissatisfaction with how the ALJ has ruled on their various motions cannot give rise to piecemeal appeals over evidentiary and similar issues during the administrative hearing process such that Plaintiffs are excused from proceeding through the administrative process to finality. Accepting Plaintiffs' arguments on this score would render exhaustion a nullity. See D.C. v. Freehold Regional High School Board of Education, 2018 WL 6649745, at *3 (D.N.J. Dec. 18, 2018) ("[T]he futility exception only applies where a plaintiff is unable to obtain his or her requested relief due to some administrative defect; the futility exception is not meant to apply to a plaintiff who merely disagrees with the ALJ's decision."); L.V. ex rel. G.V. v. Montgomery Twp. Sch. Dist. Bd. of Educ., 2013 WL 2455967, at *4 (D.N.J. 2013) ("Mere disagreement with the outcome of an ALJ's interim decisions in the administrative hearing process is insufficient to satisfy the futility exception."); H.A. v. Teaneck Bd. Of Educ., 2010 WL 891830, at *5 (D.N.J. 2010) ("Piecemeal appeal of issues in a single case to a federal court is most often inefficient and ineffective.").

Second, the futility exception does not apply where, as here: a) Plaintiffs have not previously utilized the IDEA administrative process on this particular due process claim, b) the factual record is not fully developed and evidentiary issues

10

are not resolved, c) damages is not the only remaining issue and d) and the IDEA administrative process is in fact able to provide a suitable remedy for the primary harm alleged – J.A.'s denial of FAPE by MTBOE.  Batchelor, 759 F.3d at 281.

"Exhaustion serves the purpose of developing the record for review on appeal, encouraging parents and the local school district to work together to formulate an IEP for a child's education, and allowing the education agencies to apply their expertise and correct their own errors." Batchelor, 759 F.3d at 275 (citations omitted).  "The advantages of awaiting completion of the administrative hearings are particularly weighty in Disabilities Education Act cases.  That process offers an opportunity for state and local agencies to exercise discretion and expertise in fields in which they have substantial experience.  These proceedings thus carry out congressional intent and provide a means to develop a complete factual record. The administrative hearings generally will produce facts and opinions relevant to the very same issues presented to the court by plaintiffs." Id. (citations omitted).

The purpose of the exhaustion requirement is directly relevant here.  Plaintiffs may have advanced some claims that relate to the allegedly flawed administrative process, discussed in the next section, but Plaintiffs' ultimate concern as it pertains to J.A. is whether MTBOE has provided or will provide

J.A. with FAPE – i.e., "an educational program reasonably
calculated to enable [J.A.] to make progress appropriate in
light of [J.A.'s] circumstances." E.P. v. North Arlington Board
of Education, 2019 WL 1423782, at *2 (D.N.J. 2019) (quoting
Endrew F. v. Douglas Cty. Sch. Dist. RE-1, 137 S. Ct. 988, 1001
(2017)) (other citation omitted). The substantive issues
related to J.A.'s FAPE remain pending and unresolved by the
administrative process, and the administrative process is
exactly where the determination of J.A.'s FAPE should be fully
resolved in the first instance.[3]

Plaintiffs' individual claims regarding the ongoing due
process complaints at the administrative level must be dismissed
because Plaintiffs must exhaust their administrative remedies
for the underlying IDEA and related ADA and Section 504 claims
regarding the alleged denial of a FAPE to J.A.[4]

---

[3] The fact that Plaintiffs seek monetary damages in addition to
other relief does not free them from the obligation to exhaust
administrative remedies. Batchelor v. Rose Tree Media Sch.
Dist., 759 F.3d 266, 276–77 (3d Cir. 2014); see also J.L. by and
through Leduc v. Wyoming Valley West School District, 722 F.
App'x 190, 194 (3d Cir. 2018) (requesting money damages is not
dispositive because (1) the complaint did not seek money damages
exclusively, (2) district courts are empowered to grant relief
beyond that requested, and (3) money damages may sometimes be
awarded as reimbursement).

[4] As the U.S. Supreme Court recently explained:

Section 1415(*l*) requires that a plaintiff exhaust the
IDEA's procedures before filing an action under the ADA,
the Rehabilitation Act, or similar laws when (but only

**2.    Plaintiffs' class action claims**

Plaintiffs have asserted putative class action claims based

for their contention that NJDOE's system for resolving special

education disputes in the State of New Jersey violates the IDEA

by systemically and routinely violating the rights of all class

members.  Plaintiffs argue that the futility exception applies

to their class action claims because the administrative process

cannot provide them with the relief they seek – (1) that

Defendants comply with federal law and regulations and provide a

final decision rendered within 45 days after the end of the 30-

day resolution period, and (2) that hearing officers are

properly qualified.  Plaintiffs argue, by way of their personal

---

when) her suit "seek[s] relief that is also available"
under the IDEA.  We first hold that to meet that statutory
standard, a suit must seek relief for the denial of a FAPE,
because that is the only "relief" the IDEA makes
"available."  We next conclude that in determining whether
a suit indeed "seeks" relief for such a denial, a court
should look to the substance, or gravamen, of the
plaintiff's complaint . . . . [Section] 1415(*l*)'s
exhaustion rule hinges on whether a lawsuit seeks relief
for the denial of a free appropriate public education.  If
a lawsuit charges such a denial, the plaintiff cannot
escape § 1415(*l*) merely by bringing her suit under a
statute other than the IDEA.

Fry v. Napoleon Community Schools, 137 S. Ct. 743, 752, 754
(U.S. 2017); see also J.L. by and through Leduc v. Wyoming
Valley West School District, 722 F. App'x 190, 194 (3d Cir.
2018) ("J.L.'s own allegations and claims placed the denial of a
FAPE in this central role, and he cannot negate this fact simply
by omitting educational redress from his prayer for relief.").

example, that because at the time they filed their complaint 383
days would have passed since the end of the 30-day resolution
period, it would be futile to return to the administrative
process as that process can never effect compliance with the 45
Day Rule once it has been violated.  Moreover, Plaintiffs argue
that their claims regarding hearing officer qualifications
cannot be rectified at the administrative level as part of their
individual due process complaint.

The Court agrees with Plaintiffs that their systemic claims
fall within an exception to the exhaustion requirement set forth
above.

First, with regard to Plaintiffs' claims for Defendants' 45
Day Rule violation, the regulations provide the following:

- Federal law

Timelines and convenience of hearings and reviews.

(a) The public agency must ensure that not later than
45 days after the expiration of the 30 day period under §
300.510(b), or the adjusted time periods described in §
300.510(c) –

(1)  A final decision is reached in the hearing; and

(2) A copy of the decision is mailed to each of the
parties.

(b) The SEA must ensure that not later than 30 days
after the receipt of a request for a review –

(1) A final decision is reached in the review; and

(2) A copy of the decision is mailed to each of the
parties.

      (c) A hearing or reviewing officer may grant specific extensions of time beyond the periods set out in paragraphs (a) and (b) of this section at the request of either party.

      (d) Each hearing and each review involving oral arguments must be conducted at a time and place that is reasonably convenient to the parents and child involved.

34 C.F.R. § 300.515.

- New Jersey state law

Due process hearings

      (j) A final decision shall be rendered by the administrative law judge not later than 45 calendar days after the conclusion of the resolution period described in (h)2, 4 and 5 above unless specific adjournments are granted by the administrative law judge in response to requests by either party to the dispute.

N.J.A.C. 6A:14-2.7.

      Plaintiffs relate that in 2016, the New Jersey Special Education Practitioners ("NJSEP") created a task force to study the State of New Jersey's compliance with the 45 Day Rule. The NJSEP 45 Day Report found that, despite the federal and state law requirements that special education cases brought pursuant to IDEA should be decided within 45 days after the 30-day resolution period, on average such cases took three hundred twelve (312) days to be adjudicated. The 45 Day Report found New Jersey was noncompliant dating back to 2011, and the NJSEP called upon those with authority to take immediate action to rectify noncompliance. Plaintiffs claim that no such steps to remedy noncompliance have been taken to date. (Docket No. 1 at

17-18.)

Plaintiffs claim that the state Defendants have failed to ensure that procedural requirements guaranteeing parents the opportunity to present a due process complaint and receive a prompt resolution of the dispute within the statutory time frame are available and enforced. Plaintiffs claim that by selecting OAL as the body to handle special education disputes, the state Defendants knew or should have known that its system for resolving special education disputes was flawed *ab initio*, and that the OAL could never comply with the 45 Day Rule. (Docket No. 1 at 30-31.)

With regard to the qualifications of a hearing officer, the regulations provide:

> A hearing officer conducting a special education due process hearing "shall, at a minimum not be (I) an employee of the State educational agency or the local educational agency involved in the education or care of the child; or (II) a person having a personal or professional interest that conflicts with the person's objectivity in the hearing."

20 U.S.C. § 1415(f)(3)(A)(i).

> A special education due process hearing officer "shall, at a minimum possess knowledge of, and the ability to understand, the provisions of this chapter, Federal and State regulations pertaining to this chapter, and legal interpretations of this chapter by Federal and State courts; possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice; and possess the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice."

16

20 U.S.C. §§ 1415(f)(3)(A)(ii) – (iv).

Plaintiffs claim that NJDOE's decision to use the OAL as the adjudicative body to resolve special education disputes has resulted in a denial of FAPE to children with disabilities and their families because the State of New Jersey suffers from a systemic design flaw. More specifically, Plaintiffs claim that the since the OAL has a limited number of ALJs, those ALJs assigned have little or no training in special education law, and lack jurisdiction to award all forms of relief under special education laws, NJDOE knew or should have known that its system for resolving special education disputes through the OAL was flawed *ab initio*.

Moreover, Plaintiffs claim that even though the ALJs are not technically employees of the NJDOE, the ALJs are employees of the OAL, an executive branch agency like the NJDOE, and because the budget and salaries of NJDOE and OAL employees are subparts of and determined by the larger budget of the executive branch, they are beholden to the same pot of money. Plaintiffs allege that this creates a personal and professional interest that conflicts with the ALJ's objectivity in a special education due process hearing. (Docket No. 1 at 33.)

Plaintiffs further claim that most of the ALJs assigned to special education cases by the OAL in New Jersey do not have

special training in nor possess knowledge of the provisions of IDEA. Further, by its own admission, the OAL, as an executive branch agency instead of a judicial branch court, does not have jurisdiction to render interpretations of, or conduct hearings in special education cases in accordance with, standard legal practice. As a result, Plaintiffs claim that they are harmed by this lack of expertise in special education law and an adjudicative process of limited jurisdiction. (Id. at 34-35.)

For both alleged violations, Plaintiffs contend that NJDOE's systemic violations of the IDEA, as distinguished from their claims arising from their particular due process complaint, have caused Plaintiffs – and all others similarly situated – harm and seek an array of equitable and legal remedies. Precedent in this Circuit establishes that a plaintiff asserting claims of this kind need not exhaust those claims administratively. "In the IDEA § 1415 context, plaintiffs may [] be excused from the pursuit of administrative remedies where they allege systemic legal deficiencies and, correspondingly, request system-wide relief that cannot be provided (or even addressed) through the administrative process." Beth V. by Yvonne V. v. Carroll, 87 F.3d 80, 89 (3d Cir. 1996).

Unlike Plaintiffs' individual claims concerning J.A.'s due process complaints, Plaintiffs' claims for violations of the 45

Day Rule and hearing officer qualifications are not subject to the exhaustion requirement.  Plaintiffs' claims allege two systemic defects perpetrated by the state Defendants, and those alleged defects cannot be redressed through the administrative process, which is the very process Plaintiffs challenge.[5]  These are the two key elements for the application of the narrow exception to the exhaustion rule in IDEA cases.  <u>See, e.g.</u>, <u>Beth V. by Yvonne V.</u>, 87 F.3d at 89 ("The plaintiffs' claim in this case is, in essence, that the safeguards to ensure timely and adequate resolution of complaints that were the object of the DOE regulations requiring complaint resolution procedures have failed on a system-wide basis and thus the sufficiency of the state's complaint procedures itself must be challenged.  Their claim may contain elements of one or more of the recognized exceptions to exhaustion.") (citing <u>Mrs. W. v. Tirozzi</u>, 832 F.2d 748, 756-57 (2d Cir. 1987) (waiving IDEA exhaustion requirement for plaintiffs who challenged adequacy of state's complaint resolution procedures under 42 U.S.C. § 1983 where plaintiffs alleged that violations were "unable to be addressed at the due process hearings provided in Connecticut" and that the hearing

---

[5] It is hard to imagine that any particular ALJ would declare himself or herself unqualified to hear a dispute assigned to them by the OAL nor would it be within their mortal powers to turn back the clock after 45 days had passed without a decision on the merits in a particular case.

officer lacked the authority to provide system-wide relief);
1985 House Report at 7 (no exhaustion required where "an agency
has adopted a policy or pursued a practice of general
applicability that is contrary to the law")); <u>T.R. v. School
District of Philadelphia</u>, 223 F. Supp. 3d 321, 330 (E.D. Pa.
2016) (finding that the complaint properly alleged a systemic
legal deficiency theory that the school district interferes with
the ability of LEP students with disabilities to receive a FAPE
and that the school district adhered to a system-wide policy of
inaction, such that dismissal of the plaintiffs' putative class
action for failure to exhaust was not warranted); <u>M.G. v. New
York City Dept. of Educ.</u>, 15 F. Supp. 3d 296, 305 (S.D.N.Y.
2014) (finding that exhaustion was not required in a case were
the plaintiffs argued that "exhaustion should be excused for
Y.T. on the basis of lengthy administrative delays. Under the
applicable federal regulations, IHOs have forty-five days to
issue a final decision, while SROs have thirty.  Here, the Y.T.
plaintiffs filed their notice of appeal on March 25, 2013, and
the case was fully briefed by July.  Yet a decision still has
not been issued almost six months later.  Plaintiffs have
provided evidence that, as of July 2013, the SRO system had a
backlog of over 230 cases, some of which had been pending for
over 300 days."); <u>cf.</u> <u>M.M. v. Paterson Board of Education</u>, 736 F
App'x 317, 320 (3d Cir. 2018) (<u>Beth V. by Yvonne V.</u>, 87 F.3d at

89) (other citation omitted) (finding that because plaintiffs did not make claims of systemic deficits or demonstrate that the administrative process was unable to provide an appropriate remedy for the harms alleged, plaintiffs were required to exhaust their administrative remedies).

This finding does not, however, fully resolve the current procedural tangle caused by Plaintiffs' filing of two complaints and the tactical decision to combine exhausted and unexhausted causes of action in the same complaint. In an apparent attempt to offer a solution, Plaintiffs have moved for leave to file an amended complaint to add two additional families – the L.S. Family and the R.M. Family - as additional proposed class representatives for their claims regarding the 45 Day Rule.[6] Plaintiffs also seek to join these additional families to their claims for hearing officer deficiencies.

---

[6] Plaintiffs' proposed amended complaint relates: "On September 20, 2018, ALJ Buono held a status conference call in the L.S. Family OAL Case and set hearing dates of April 29, 2019, April 30, 2019, May 1, 2019, and May 2, 2019, all of which are in excess of two hundred eighty-nine (289) days from the end of the resolution period." (Docket No. 25-1 at 37.) "On January 7, 2019, ALJ Frick held a status conference call in the R.M. Family OAL Case and set hearing dates of May 14, 2019, June 24, 2019, June 26, 2019, and June 28, 2019, all of which are in excess of one hundred thirty-eight (138) days from the end of the resolution period." (Id. at 42.) Plaintiffs' proposed amended complaint adds the L.S. Family and R.M. Family to the class action claims only, and they do not advance any claims related to those families' due process complaints, which appear to be ongoing and unexhausted.

The Court will grant Plaintiffs' motion to amend. In doing so, the Court recognizes that Defendants have raised a series of defenses centering on whether the three named families have standing to challenge - or stated differently are proper class representatives regarding – the 45 Day Rule. Procedures for adjournments are nuanced and it appears clear that not every proceeding – and even perhaps most proceedings – that extends beyond 45 days violates federal law.[7]

---

[7] As noted *supra*, the IDEA and related state regulations require that a final decision shall be rendered by the administrative law judge not later than 45 calendar days after the conclusion of the resolution period. However, the regulations further provide that the 45-day deadline may be extended at the request of either party. 34 C.F.R. § 300.515 ("A hearing or reviewing officer may grant specific extensions of time beyond the periods set out in paragraphs (a) and (b) of this section at the request of either party."); N.J.A.C. 6A:14-2.7 (providing that a decision must be issued within 45 days "unless specific adjournments are granted by the administrative law judge in response to requests by either party to the dispute."). For reasons that are unclear, Plaintiffs originally limited their class to any person who did not request one or more adjournments that exceeded 60 days (Docket No. 1 at 16), but in their proposed amended complaint, Plaintiffs plead that any person who requested one or more adjournments that exceeded 30 days is excluded from the class (Docket No. 25-1 at 18). The Court questions, however, whether a person who seeks an extension, regardless of length, or a person who is subject to a procedurally proper extension sought at the other party's request, regardless of length, is a person who has standing to challenge the 45 Day Rule. See Neale v. Volvo Cars of North America, LLC, 794 F.3d 353, 359 (3d Cir. 2015) ("In the context of a class action, Article III must be satisfied 'by at least one named plaintiff.'"); De Vito v. Liquid Holdings Group, Inc., 2018 WL 6891832, at *14 (D.N.J. 2018) ("When a question of standing is raised in a putative class action, 'named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other,

On balance, and to promote the orderly consideration of
Plaintiffs' systemic claims, the Court deems it best to deny the
state Defendants' motion in that regard without prejudice
pending Plaintiffs' submission of an amended class action
complaint consistent with this Opinion, applicable pleading
standards and jurisdictional constraints.  In sum, the Court
will order the following:

   (1)  Plaintiffs' claims against MTBOE and the state

   Defendants regarding J.A.'s individual due process

   complaints will be dismissed for failure to exhaust

   administrative remedies (Count Five - APPEAL PURSUANT TO 20

   U.S.C. § 1415(i) against Defendants MTBOE, ALJ Wilson –

   Motion to Amend DP Complaint; Count Six - APPEAL PURSUANT

   TO 20 U.S.C. § 1415(i) against Defendants MTBOE, ALJ Wilson

   – Motion for IEEs; Count Seven - APPEAL PURSUANT TO 20

   U.S.C. § 1415(i) against Defendants MTBOE, ALJ Wilson –

   Motion to Strike; Count Eight – DENIAL OF FAPE against

   MTBOE; Count Nine – VIOLATION OF § 504 against MTBOE; Count

   Ten – VIOLATION OF ADA against MTBOE; Count Eleven –

---

unidentified members of the class to which they belong and which
they purport to represent.'" (quoting <u>Lewis v. Casey</u>, 518 U.S.
343, 357 (1996))).  If the IDEA suffers from a failure to
require an adjudication by a date certain after adjournments are
sought and obtained it is likely the fix for such a problem is a
legislative one and beyond the authority of this Court.

VIOLATION OF NJLAD against MTBOE);[8]

(2)  Plaintiffs' putative class action claims against the state Defendants for their alleged violations of the 45 Day Rule and for their claim that hearing officers are not properly qualified may proceed (Count One – CLASS ACTION – SYSTEMIC VIOLATION OF THE 45 DAY RULE AS A DENIAL OF FAPE against Defendants NJDOE, Repollet, OAL, and ALJ Wilson; Count Two – CLASS ACTION - SYSTEMIC VIOLATION OF HEARING OFFICER QUALIFICATIONS against Defendants NJDOE, Repollet, OAL, and ALJ Wilson; Count Three – CLASS ACTION – DELCARATORY JUDGMENT against Defendants NJDOE, Repollet, OAL, and ALJ Wilson; Count Four - CLASS ACTION - VIOLATION OF PLAINTIFFS' RIGHTS UNDER 42 U.S.C. § 1983 against Defendants NJDOE, Repollet, OAL, and ALJ Wilson); and

(3)  Plaintiffs may file an amended class action complaint to include the additional named class members; but

(4)  Plaintiffs shall only advance claims on behalf of individuals who have the proper standing to advance such claims;[9] and

---

[8] The Court notes that this finding appears to be applicable to Plaintiffs' subsequent case, Civil Action 18-14838.  The Court will leave this issue to the parties to raise in that action.

[9] Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  An amendment is permitted in the absence of undue delay, bad faith,

(5) The state Defendants retain their right to challenge Plaintiffs' amended complaint by way of a renewed motion to dismiss on any grounds not resolved in this Opinion.

An appropriate Order will be entered.

Date: __April 19, 2019___          ___s/ Noel L. Hillman___
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). As noted by the court in T.R. v. School District of Philadelphia, 223 F.Supp.3d 321, 330 (E.D. Pa. 2016), "[i]t is certainly possible that a developed record may not establish Plaintiffs' systemic legal deficiency theory. However, at this stage, the Complaint's allegations must be accepted as true and, viewed in this light, there are adequate allegations of a systemic violation of the IDEA." This Court echoes that finding here.