UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.A., individually and on behalf of J.A., a minor child, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NEW JERSEY DEPARTMENT OF EDUCATION, LAMONT REPOLLET Acting Commissioner of Education, NEW JERSEY OFFICE OF ADMINISTRATIVE LAW, JEFFREY R WILSON Administrative Law Judge, <br><br> Defendants. | 1:18-cv-09580-NLH-KMW <br><br> **MEMORANDUM OPINION & ORDER** |

**APPEARANCES**:

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
100 SPRINGDALE ROAD A3
PMB 287
CHERRY HILL, NJ 08003

    *On behalf of Plaintiffs*

CAROLINE GENETT JONES
KERRY SORANNO
LAUREN AMY JENSEN
AIMEE BLENNER
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

    *On behalf of Defendants New Jersey Department of Education, Lamont Repollet, New Jersey Office Of Administrative Law, and Jeffrey R. Wilson*

**HILLMAN**, District Judge

WHEREAS, Plaintiffs have asserted putative class action claims based on their contention that NJDOE's system for resolving special education disputes in the State of New Jersey violates the IDEA by systemically and routinely violating the rights of all class members; and

WHEREAS, pending before the Court are several motions by the parties; and

WHEREAS, due to the passage of time and the proceedings in a more recently filed companion case, C.P. et al v. NEW JERSEY DEPARTMENT OF EDUCATION, 1:19-12807-NLH-KMW, as well as the Court's Order to Show Cause as to why this case and C.P. should not be consolidated pursuant to Fed. R. Civ. P. 42(a),[1] the Court must deny the motions without prejudice and issue the following direction:

1. Plaintiffs and Defendants appear to disagree with the degree of overlap between this case and C.P. and the effects of this Court's rulings in C.P. on this case. Plaintiffs contend that there is substantial similarity between the two cases (see

---

[1] On June 17, 2020, the Court issued an Order to Show Cause in J.A., 1:18-cv-09580-NLH-KMW, and C.P., 1:19-12807-NLH-KMW, as to why those two actions should not be consolidated pursuant to Fed. R. Civ. P. 42(a). Plaintiffs in both cases have responded that they do not object to consolidation for discovery purposes. The state defendants have until July 2, 2020 to respond.

Docket No. 48 at 4), while Defendants argue that there is not (see Docket No. 61 at 13), but neither party specifies in sufficient detail the basis for their point of view. Plaintiffs and Defendants shall, in the form of a chart or list, set forth what claims and issues are the same between this action and C.P. and what claims and issues are different between this action and C.P.

    2.   Plaintiffs' recent motion for a temporary restraining order [52], which the Court denied on June 17, 2020 on procedural grounds, revealed that Plaintiffs have filed a third due process petition on behalf of J.A., Monroe Twp. Bd. of Ed. v. J.A., et al., OAL Dkt. No. EDS 04281-2020 S, and that the third due process petition concerns the 5-day Exchange Rule, the 30-day Hearing Process rule and "settlement conference" procedure, the 45-day Rule, and the NJDOE and OAL's use of the phrase "federal days" in their calculations the 45-Day Rule. It is unclear to the Court whether this third due process complaint has been consolidated with Plaintiffs' first two due process complaints, and, if not, whether it should be consolidated and any challenges to that process be advanced in J.A.'s individual case J.A. v. MONROE TOWNSHIP BOARD OF EDUCATION, 1:18-cv-14838-NLH-KMW. The Court further observes that it appears some of the claims raised in the third due process complaint have not been specifically advanced in this case. Plaintiffs shall inform the

Court on these issues and how Plaintiffs wish to proceed with their second due process complaint relative to their third, along with their class action complaint and the related class action case.

    THEREFORE,

    IT IS on this   29th   day of   June  , 2020

    ORDERED that the MOTION to Dismiss by All Defendants [39], the MOTION for Sanctions Rule 11 by All Plaintiffs [41], and the MOTION to Supplement the Record [48] be, and the same hereby are, DENIED WITHOUT PREJUDICE; and it is further

    ORDERED that Plaintiffs and Defendants shall file their response to this Court's Order within 10 days, and Plaintiffs and Defendants shall file a response 10 days thereafter.

At Camden, New Jersey

                                                  s/ Noel L. Hillman
                                                  NOEL L. HILLMAN, U.S.D.J.