## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| J.A. and J.A., individually and on behalf of their minor child J.A.; C.M., individually and on behalf of her minor child L.S.; CH.M. and J.M., individually and on behalf of their minor child R.M.; K.K-M., individually and as Kinship Legal Guardian of the minor children RAC.M. and A.W.; M.D. and S.H., individually and on behalf of their minor child L.D.; and on behalf of ALL OTHERS SIMILARLY SITUATED, | No. 1:18-cv-09580-NLH-MJS **OPINION** |

        Plaintiffs,

    v.

NEW JERSEY DEPARTMENT
OF EDUCATION; LAMONT
REPOLLET, Commissioner of
Education; NEW JERSEY
OFFICE OF ADMINISTRATIVE
LAW; JEFFREY R. WILSON,
Administrative Law Judge and
DOES 1 – 250 SIMILARLY
SITUATED ADMINISTRATIVE
LAW JUDGES,

        Defendants.

---

**APPEARANCES**:

ROBERT CRAIG THURSTON
Thurston Law Offices LLC
100 Springdale Road A3
PMB 287
Cherry Hill, NJ 08003

*On behalf of Plaintiffs*.

LAURIE LEE FICHERA
KERRY SORANNO
CAROLINE GENETT JONES
State of New Jersey
Office of the Attorney General
25 Market Street
PO Box 112
Trenton, NJ 08625

*On behalf of State Defendants.*

**HILLMAN**, **District Judge**

Before the Court is Plaintiffs' motion to consolidate four cases that involve claims arising from New Jersey's administrative process for adjudicating special education disputes.  These matters are J.A., et al, v. NJDOE, et al., No. 1:18-cv-09580-NLH-MJS ("J.A. 1"), J.A. et. al. v. Monroe Twp. Bd. of Ed., et. al., No. 1:20-CV-09498-NLH-MJS ("J.A. 2"), Joanna A. et. al. v. Monroe Twp. Bd. of Ed., et. al., No. 1:21-CV-06283-NLH-MJS ("J.A. 3"); and M.D., et. al. v. Vineland City Bd. of Ed., et. al., No. 1:19-CV-12154-NLH-MJS (the "M.D. Matter").  For the reasons expressed below, the motion to consolidate will be granted in part and denied in part.

**BACKGROUND**

The Plaintiffs in J.A. 1 filed a motion to consolidate the instant matter with three other cases raising similar claims. (J.A. 1, ECF 76).  Plaintiffs argue that consolidation is

appropriate because "[t]he cases proposed to be consolidated herein undeniably and substantially overlap both factually and legally." (Id. at 11).  They argue that because all of the cases are "likely to seek discovery from [the New Jersey Department of Education ("NJDOE")] and the [New Jersey Office of Administrative Law ("OAL")]" and because "all plaintiffs [are] likely to seek expansive access, subject to an appropriate protective order, to documents relating to the conduct of specific special education due process hearings going back for several years and if those same procedures were erroneously used in the individual cases." (Id. at 11-12).

J.A. 1 is a class action filed in 2018, which alleges violations by the NJDOE such as systemic violation of the 45-day rule and systemic violation of the hearing officer qualifications, violation of Plaintiffs' rights under 42 U.S.C. §1983, and seeks a declaratory judgment and determination of federal preemption.  (See J.A. 1, ECF 31).  The defendants in J.A. 1 are the NJDOE, OAL, and various individuals who work for the entities sued in their official capacities (together, the "State Defendants").  (Id.)  In June 2020, the Court denied the motion to dismiss by the defendants in J.A. 1.  (J.A. 1, ECF 62).

J.A. 2 is an individual action filed in 2020 against the Monroe Township Board of Education and various State Defendants.

(See J.A. 2, ECF 1).  The claims in J.A. 2 hinge on the specific handling of one of J.A.'s cases.  (Id.)  In addition to alleging counts similar to those in J.A. 1, J.A. 2 also contains claims for violation of the Americans with Disabilities Act, error by the Administrative Law Judge (the "ALJ") handling J.A.'s case, and specific counts aimed at the Monroe Township Board of Education.  (Id.)  Currently, fully briefed motions to dismiss filed by the State Defendants are pending before the Court and discovery is well under way for the Monroe Township Board of Education.

J.A. 3 is a separate individual action filed by J.A. in 2021 against the Monroe Township Board of Education and various State Defendants.  (J.A. 3, ECF 1).  J.A. 3 pleads similar claims to those in J.A. 2 but relate to a different incident of handling J.A.'s special education needs.  (Id.)  Further, J.A. 3 presents unique claims against the Monroe Township Board of Education in particular, such as malicious abuse of process as well as intentional and negligent infliction of emotional distress.  (Id.)  Currently, a motion to dismiss by the State Defendants has been briefed before the Court and discovery for the Monroe Township Board of Education has been stayed pending the resolution of the motion to dismiss by the State Defendants.

(See J.A. 3, ECF 38).[1]

The last case for which Plaintiffs seek consolidation, the M.D. Matter, was filed in 2019 and involved the alleged mishandling of L.D.'s special education needs by the Vineland City Public Schools and later the State Defendants.  (See M.D. Matter, ECF 26).  The M.D. Matter includes some claims based on the same laws in J.A. 1, J.A. 2, and J.A. 3, but involve a different child's time at a different school.  (Id.)  The M.D. Matter currently has a motion to dismiss by the State Defendants pending and discovery is underway with the Vineland City Public Schools.

The Monroe Township Board of Education and the State Defendants each filed oppositions to Plaintiffs' motion to consolidate, arguing that the variation in parties, underlying facts, legal claims, and procedural postures of the four cases made it inappropriate to consolidate them.  (J.A. 1, ECF 85, 86).  Plaintiffs filed a reply in further support of their motion to consolidate, arguing that the issues are much more similar than the Monroe Township Board of Education and the

---

[1] J.A. 2 and J.A. 3 are brought by the same Plaintiffs and allege claims against the Monroe Township Board of Education, but regarding different time periods.  J.A. 1 is a putative class action, and the named Plaintiffs in J.A. 1 are the same as the Plaintiffs in J.A. 2 and J.A. 3.  However, the Monroe Township Board of Education is not a defendant in J.A. 1.

State Defendants make them out to be in their opposition briefs.[2] (J.A. 1, ECF 87 at 4-9).  The Court rules on the motion to consolidate against the backdrop of these submissions.

## DISCUSSION

Federal Rule of Civil Procedure 42(a)(2) provides in relevant part, "[i]f actions before the court involve a common question of law or fact, the court *may* ... consolidate the actions." (emphasis added).  "'[C]onsolidation is permitted as a matter of convenience and economy in administration.'" In re Cmty. Bank of N. Virginia, 418 F.3d 277, 298 (3d Cir. 2005)(quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)).  "While the existence of common issues is a prerequisite for consolidation, their mere presence does not compel consolidation.... [W]hen exercising its discretion on a consolidation motion, a court should weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." Margolis v. Hydroxatone, LLC, 2013 WL 875987, at *2 (D.N.J. Mar. 6, 2013)(internal citations and quotations omitted).  It is a matter of a court's discretion

---

[2] Plaintiffs also argue that the Monroe Township Board of Education's filing of an opposition was improper as it is not a party to J.A. 1.  (J.A. 1, ECF 87 at 9).  Regardless, the Court does not base its decision to deny the motion to consolidate on the Monroe Township Board of Education's filing but on its own independent view of the four cases that Plaintiffs seek to consolidate.

whether consolidation is appropriate. In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998) ("Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court.")

Ultimately, the key question is whether the court believes that the most efficient way to handle the issues before it would be to consolidate cases. Durigon v. Toronto-Dominion Bank, 2017 WL 6388954, at *3 (D.N.J. Dec. 13, 2017) ("The Court finds the most efficient way to resolve these questions is by consolidating these actions. The Court does not find any specific risks of prejudice or confusion.")

"Even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." In re Consol. Parlodel Litig., 182 F.R.D. at 444. Further, "a court may deny consolidation when one case is further into the discovery process." Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 2007 WL 9725164, at *2 (D.N.J. July 26, 2007).

The Court here finds that Plaintiffs have met their burden to show that common issues of fact or law run through all four of the cases that it seeks to consolidate. Specifically, all four deal with New Jersey's administrative procedures for handling due process complaints for students who believe that they were not provided the proper special education requirements

as required under the Individuals with Disabilities Act, 20 U.S.C. §§ 1400 et seq. (J.A. 1, ECF 31; J.A. 2, ECF 1; J.A. 3, ECF 1; M.D. Matter, ECF 26). Therefore, it falls to the Court to weigh whether consolidation is appropriate in light of considerations such as judicial economy, potential for delay, confusion, and prejudice.

On balance, the Court finds that consolidation only partially appropriate. J.A. 2 and J.A. 3 state similar claims against by the same Plaintiffs against largely the same defendants. Indeed, the only real difference appears to be the time-period for which claims are brought and the particular ALJs whose decisions are being challenged. Given that the custodians of information for discoverable material likely overlap, the Court finds that consolidation of those two matters together would greatly streamline litigation. Further, were J.A. 2 and J.A. 3 to go to trial, the main difference in issues would only be which school year that claims accrued. It would be a better use of judicial resources to consolidate those two cases.

The Court comes to a different conclusion regarding J.A. 1 and M.D. J.A. 1 is a class action to which the Monroe Township Board of Education is not a party. Combining the class action with J.A. 2 and J.A. 3 likely would not streamline discovery as the scope of issues could turn out to be different. Schueneman v. Arena Pharms., Inc., 2011 WL 3475380, at *2 (S.D. Cal. Aug.

8

8, 2011) (holding that even where it might not be improper to consolidate class actions with an individual actions, if judicial economy would not be served, the court could properly deny a motion for consolidation).

In addition, regarding trial, it would be unwieldy to manage the cases together.  Similarly, the Court does not see much benefit to consolidating M.D. with any of the other cases. M.D. has a different local school district defendant than in J.A. 2 and J.A. 3, such that discovery requests would not be simplified by uniting those cases.  In addition, the M.D. Matter raises the specific issue of whether the ALJ assigned to the case applied the incorrect standard in L.D.'s specific case. (See M.D. Matter, ECF 26).  That issue is purely unique to the M.D. Matter.  M.D. is an individual action that stands alone in that respect in comparison to the other cases.

With the number of varying claims and disparate facts before the Court in J.A. 1 and M.D., as compared to J.A. 2 and J.A. 3, omnibus consolidation "would result in one massive and unwieldly consolidated suit involving complex issues[.]"  Blue Gentian, LLC v. Tristar Prod., Inc., 2017 WL 1362024, at *5 (D.N.J. Apr. 12, 2017).  Indeed, Plaintiffs, themselves note in their motion to consolidate that the issues and discovery in the among the cases at bar relate to certain particular issues that may not completely overlap among the four cases (J.A. 1, ECF 76

at 11-12).  While the Court holds that any such differences would be miniscule, or at least manageable, among the J.A. 2 and J.A. 3 matters, the procedural hurdles of J.A. 1, as a class action, and M.D., dealing with a completely different school district, make the latter two cases inappropriate for consolidation.

Finally, the Court will note that the risk of inconsistent rulings or delay to the Court by not consolidating all of these cases is minimal as they are all already pending before the undersigned and Magistrate Judge Matthew J. Skahill and thus can be resolved efficiently and will be proceeding apace.

Notwithstanding the above, the partial denial of Plaintiff's motion will be without prejudice.  In this or any related matter in which a motion to dismiss is denied or no such motion is filed, Plaintiffs may move to consolidate such matters - for purposes of discovery only - to ensure the full and efficient disclosure of relevant information by all parties.

**CONCLUSION**

For the reasons expressed above, Plaintiff's motion to consolidate (J.A. 1, ECF 76) will be granted in part and denied in part without prejudice.

An appropriate Order will be entered.

Date: March 21, 2022                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.